IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY HILL,                              *
                                        *
        v.                              *       Civil No. JFM-09-1268
                                        *
AMTEC, INC., ET AL.                     *
                                     *****

MEMORANDUM


        In the order I issued on October 23, 2009, I granted Defendant AMTEC's motion to

dismiss in part, specifically dismissing Plaintiff Mary Hill's ("Plaintiff") Maryland Wage

Payment and Collection Law ("MWPCL") claims.  Plaintiff has filed a motion for

reconsideration of this portion of my ruling, asking this Court to (1) reconsider the dismissal

pursuant to Fed. R. Civ. Pro. 59(e); (2) make amended or additional filings pursuant to Fed. R.

Civ. Pro. 52(b); or (3) direct entry of a final judgment upon the MWPCL claims pursuant to Fed.

R. Civ. Pro. 54(b) so that Plaintiff can pursue an appeal.  The motion for reconsideration is

denied.

        As I noted in a letter to counsel dated October 23, 2009, the MWPCL does not regulate

overtime.  In that letter, I directed the parties to *McLaughlin v. Murphy*, 372 F. Supp. 2d 465,

474 (D. Md. 2004).  In *McLaughlin*, the plaintiff raised a MWPCL claim for payment of

minimum wage and overtime allegedly due, and the court determined that "the MWPCL does

not contain provisions regulating minimum wage and overtime; such provisions are contained in

the Maryland Wage and Hour Law ('MWHL'), which basically tracks the FLSA."  *Id.* at 474

(internal citation omitted).  As in that case, Plaintiff here "does not allege that [Defendant] failed

to pay [her] regularly, but that it failed to pay [her] enough."  *Id.* at 475.  This allegation fails to

state a claim upon which relief may be granted under the MWPCL.  No amended or additional filings are needed as Plaintiff may review *McLaughlin* for further explanation.  *See id.* at 475-77.

Plaintiff has requested that I clarify whether my dismissal of her MWPCL claims are with or without prejudice.  Because I find the claims fail as a matter of law, the dismissal is with prejudice.  Finally, recognizing that certification under Rule 54 is the "exception rather than the norm," and finding no persuasive reason to grant it here, I deny Plaintiff's request for certification.  *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

For these reasons, Plaintiff's motion for reconsideration is denied.  A separate order to that effect is being entered herewith.


DATE:  <u>12/15/2009</u>          ____/s/_____
                                   J. Frederick Motz

                                   United States District Judge